```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LORENZO ALMONTE,                        :
                          Petitioner,   :         06 Cr. 460
                                        :         08 Civ. 1192 (DLC)
            -v-                         :
                                        :         OPINION AND ORDER
UNITED STATES OF AMERICA,               :
                          Respondent.   :
                                        :
----------------------------------------X
```

Appearances:

Pro se Petitioner:
Lorenzo Almonte
Reg. No. 70080-054
FCI Moshannon Valley
555 I Cornell Drive
Philipsburg, Pennsylvania 16866

For the United States of America:
Jason B. Smith
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

DENISE COTE, District Judge:

On February 5, 2008, Lorenzo Almonte ("Almonte") filed a timely[1] petition for a writ of habeas corpus. He seeks to set aside his sentence on drug charges following the entry of a plea

---

[1] Almonte's judgment of conviction was filed on January 23, 2007. His habeas petition is dated January 15, 2008. The Pro Se office of this Court received the petition on January 22, but it was not filed until February 5. The Court will construe the January 22 receipt date as the filing date and will accept the petition as timely filed. The Government has raised no timeliness objection.

of guilty in 2007.  Almonte asserts that his assigned counsel, Maurice Sercarz ("Sercarz"), was ineffective in (1) failing to object to Almonte's statutory minimum sentence; (2) failing to seek relief under the "safety valve" provision, 18 U.S.C. § 3553(f); and (3) failing to appeal Almonte's sentence.  The petition is denied.

BACKGROUND

Almonte was charged, first in a complaint and then in an indictment, with conspiracy to distribute and to possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  He was arrested on May 4, 2006, and was assigned counsel in advance of his initial appearance on May 5.  Sercarz represented Almonte at all stages of this criminal prosecution.  He was indicted on June 1, 2006.

On October 25, 2006, Almonte signed a plea agreement with the Government.  Under the terms of the plea agreement, Almonte would plead guilty to a superseding information charging him with conspiracy to distribute heroin in a smaller amount than was alleged in the indictment.  Thus, whereas the indictment alleged conspiracy to distribute one kilogram and more of heroin, an offense carrying a statutory minimum sentence of ten years, the superseding information alleged conspiracy to distribute more than 100 grams of heroin, an offense carrying a

statutory minimum sentence of five years.  The plea agreement noted that the defendant's sentencing guidelines range "would ordinarily be 46 to 57 months," but that the statutory mandatory minimum term of sixty months' imprisonment made Almonte's guidelines range sixty months.  Almonte agreed that he would not seek a departure from the sixty-month sentence or argue that 18 U.S.C. § 3553(a) factors supported a lower sentence.  The plea agreement further stipulated that, should Almonte seek relief under the "safety valve" provision of 18 U.S.C. § 3553(f), any information he provided to the Government could be used to increase his sentence above the sixty-month range.  Almonte waived his right to appeal or otherwise litigate any sentence at or below the stipulated sixty months of imprisonment.

   Almonte also pleaded guilty on October 25.  He indicated that he was "[v]ery satisfied" with his representation.  He attested that he had been part of a conspiracy to distribute and possess with intent to distribute 100 grams and more of heroin, in violation of the law, specifically by introducing two coconspirators so that one could sell drugs to the other.  He stated that he knew "it's wrong what I did and I know I did wrong and that it was against the laws of the United States."  Almonte indicated that he understood that this offense carried a mandatory minimum term of five years' imprisonment, and a maximum term of forty years' imprisonment.  He further attested

3

that he understood that his plea agreement obligated him not to request a sentence of less than five years' imprisonment, and that he had waived his right to challenge or appeal his sentence so long as the Court did not sentence him to more than five years' imprisonment.  The Court accepted Almonte's guilty plea and scheduled sentencing for January 19, 2007.

In advance of sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR"), which calculated a guidelines range of forty-six to fifty-seven months' imprisonment, based on an offense level of 23 and a criminal history category of I.  Because Almonte's offense carried a mandatory minimum sentence of five years, however, the PSR indicated that his actual guidelines range was sixty months.  It recommended imposition of the sixty-month sentence.

At the sentencing proceeding on January 19, Sercarz interposed no objection to the PSR's guidelines calculation.  He noted that the PSR had been translated to the defendant and that he had discussed the PSR with the defendant.  The Court indicated that because Almonte had a criminal history category of I, and was not otherwise ineligible, he might be eligible for a safety-valve sentence.  Sercarz stated that he had discussed the availability of the safety-valve with his client, and that he had "explained to the defendant tactical considerations that we believe would militate against a safety-valve proffer in this

4

case." Sercarz further noted that Almonte had originally been "charged in an indictment which accused him of possession with intent to distribute a larger quantity of narcotics than that enumerated in the information to which he pled guilty." Later in the sentencing proceeding, Sercarz represented that his "client understands that given this plea of guilty and quantity involved, the Court cannot sentence him below the five years." The Court "considered whether or not a higher sentence wouldn't be appropriate given my understanding from the information contained in the presentence report, that you in fact have a long history of being involved in the drug distribution business," but ultimately decided to impose "the minimum sentence that I can under the law, the 60 month term of imprisonment." The judgment of conviction was filed on January 23, 2007; no appeal was taken.

Almonte's petition was received by the Court's Pro Se Office on January 22, 2008. He contends that his counsel was ineffective for (1) failing to object to the statutory minimum sentence of sixty months; (2) failing to seek a "safety-valve" sentence; and (3) failing to appeal Almonte's sentence. The Government opposed the petition in a letter-brief dated April 29, contending principally that Almonte had waived his right to attack his sentence. Almonte did not submit a reply.

DISCUSSION

The Second Circuit has repeatedly held that provisions in plea agreements waiving the defendant's right to appeal his sentence are enforceable.  See United States v. Roque, 421 F.3d 118, 124 (2d Cir. 2005).  The Court has explained that a defendant, "who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence," cannot "then appeal the merits of a sentence conforming to the agreement.  Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).  Such a waiver will not serve as an obstacle to defendant's challenge, however, "where the plea was not knowing and voluntary . . . or where sentencing was based on a constitutionally impermissible factor such as bias." United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam) (citation omitted).  "An ineffective assistance of counsel claim survives the guilty plea only where the claim concerns the advice the defendant received from counsel." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (citation omitted). The appeal waiver contained in Almonte's plea agreement is enforceable, and because it covers the substance of the claims made in his habeas petition, the writ is denied and the petition is dismissed.

To the limited extent Almonte challenges the knowing and voluntary nature of his plea, that argument can be swiftly rejected.  Almonte suggests in conclusory fashion that he signed the plea agreement "with the understanding to receive a sentence of 46 to 57 months."  The record squarely contradicts this assertion.  The plea agreement clearly states that Almonte's mandatory minimum sentence was sixty months' imprisonment, and he agreed not to challenge any sentence below that.  At his plea allocution, Almonte indicated that he understood that this offense carried a mandatory minimum term of five years' imprisonment, and he attested that he understood that his plea agreement obligated him not to request a sentence of less than five years' imprisonment, and that he had waived his right to challenge or appeal his sentence so long as the Court did not sentence him to more than five years' imprisonment.  On habeas review, the Court is entitled to rely on these statements, and they will not be set aside based on vague or conclusory allegations. "[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. . . .  The subsequent presentation of conclusory allegations unsupported by specifics [in a habeas petition] is subject to summary dismissal."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); see also United States v. Hirsch, 239 F.3d 221, 225 (2d Cir. 2001);

7

United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). The PSR -- which had been translated and explained to Almonte, and to which Almonte's counsel interposed no objection -- also reflected a mandatory minimum sentence of sixty months' imprisonment. Almonte was thus apprised in at least three different contexts of the sixty-month mandatory minimum sentence he faced as a consequence of his guilty plea. There is no basis for his assertion that his plea was predicated on a lack of knowledge about the sixty-month mandatory minimum sentence.

Almonte principally challenges the Court's imposition of the mandatory minimum sentence, which was specifically adverted to both in the plea agreement and the PSR. In these circumstances, permitting Almonte to challenge this sentence on habeas would render the appellate waiver utterly meaningless.[2]

---

[2] Were the Court to consider the substance of Almonte's claims, the outcome would be the same. A criminal defendant asserting that counsel was constitutionally deficient must show that the lawyer's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). No objection to the statutory minimum sentence of sixty months would have changed Almonte's sentence; indeed, the Court was without discretion to sentence him to anything less than five years. Counsel's failure to seek safety-valve relief was not unreasonable. Pursuing safety-valve relief would have required Almonte to proffer "all information and evidence concerning the offense or offenses that were part of the same course of conduct or of a common plan or scheme" for which he was convicted. 18 U.S.C. § 3553(f)(5). As Sercarz indicated at sentencing, such a proffer might have exposed Almonte to a substantially higher sentence.

8

CONCLUSION

For the foregoing reason, Almonte's request for a writ of habeas corpus under 28 U.S.C. § 2255 is denied. No certificate of appealability shall issue. Almonte has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). Moreover, any appeal from this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

---

Given this risk, Sercarz's decision not to pursue safety-valve relief was not unreasonable. Finally, Sercarz's failure to file an appeal from Almonte's sentence was not unreasonable because of the appellate waiver contained in Almonte's plea agreement and because Almonte was exposed -- and sentenced -- to a mandatory minimum sentence. There was no non-frivolous ground for appeal. See Sarroca v. United States, 250 F.3d 785, 787 (2d Cir. 2001). Because none of these actions was objectively unreasonable, nor did they "render the result of the [proceeding] unreliable or . . . fundamentally unfair," Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (citation omitted), Almonte's counsel was not constitutionally deficient.

Further, with respect to counsel's alleged failure to appeal Almonte's sentence, it should be noted that Almonte does not contend that he asked Sercarz to file a notice of appeal, but that Sercarz failed to do so. While an attorney's failure to file a notice of appeal when asked to do so constitutes ineffective assistance of counsel, see Fernandez v. United States, 146 F.3d 148, 149 (2d Cir. 1998) (per curiam), and Almonte's waiver of his rights under 28 U.S.C. § 2255 would not bar such a claim, see Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006) (claim of ineffective assistance based on failure to file a notice of appeal unaffected by plea agreement waiving right to appeal), Almonte does not suggest that Sercarz failed to follow his instruction.

The Clerk of Court shall dismiss the petition.

    SO ORDERED:

Dated:    New York, New York
           July 14, 2008

                                            DENISE COTE
                              United States District Judge

Copies sent to:

Lorenzo Almonte  
Reg. No. 70080-054  
FCI Moshannon Valley  
555 I Cornell Drive  
Philipsburg, Pennsylvania 16866

Jason B. Smith  
Assistant United States Attorney  
Southern District of New York  
1 St. Andrew's Plaza  
New York, New York 10007